
Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2351 | **DATE** | 6/4/2002 |
| **CASE TITLE** | Donna Baumann vs. Bayer AG, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Despite the harm to the environment that will be created by killing another tree to produce multiple copies of still another 35-page plus pleading, GSK's counsel must clean up their act by providing an appropriate Amended Answer and Ads in lieu of the current submission. Because that new pleading should be self-contained as a matter of convenience, the existing pleading is stricken in its entirety, with leave granted to file the corrective document on or before June 18, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 05 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/4/2002 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA BAUMANN,             )
                           )
        Plaintiff,         )
                           )
    v.                     )    No.  02 C 2351
                           )
BAYER AG, et al.,          )
                           )
        Defendants.        )

MEMORANDUM ORDER

SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") is the first of the defendants to have filed a responsive pleading in this action brought by Donna Baumann. Because GSK's counsel have been guilty of one of the errors identified in the Appendix to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001), as well as violating some other common sense aspects of the federal pleading process, this memorandum order is issued sua sponte to send counsel back to the drawing board to craft an appropriate substitute responsive pleading.

Throughout the GSK Answer its counsel employ such locutions as these:

> The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK.
>
>        \*       \*       \*
>
> To the extent the allegations of this paragraph are legal conclusions, they require no response from GSK.
>
>        \*       \*       \*
>
> To the extent there remain in this paragraph any

> inconsistent or additional factual allegations that are directed to GSK, they are denied.

> \* \* \*

> GSK denies the remaining allegations of this paragraph to the extent they are inconsistent with the current state of medical knowledge.

> \* \* \*

> To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits only that this paragraph purports to characterize clinical trials Bayer conducted and/or submitted to the FDA in seeking approval to market Baycol in the United States. Such documents, being in writing, speak for themselves.

And the list could go on.

Even apart from the specific matters that are addressed in the State Farm Appendix, it is of course obvious that any purported response that begins with "to the extent that" is wholly uninformative. How is the reader--whether opposing counsel or this Court--to divine just what GSK's counsel may view as being encompassed within that ambiguous language?

Moreover, although this Court has made no effort to single out all of the flaws in the GSK pleading, it is similarly irksome to see counsel for any defendant providing no response at all to a complaint's allegations as to jurisdiction (Answer ¶14) or venue (Answer ¶15) on the theory that such allegations are "legal conclusions." To that the short answer is found in the express directive of Fed. R. Civ. P. ("Rule") 8(b) and, for example, in Form 21 in the Appendix of Forms that follow the Rules and are

2

expressly approved in Rule 84 (Form 21 simply admits the corresponding complaint's allegation as to jurisdiction, as ought to be done in the absence of a bona fide jurisdictional dispute).

Various of GSK's affirmative defenses ("ADs") are also problematic. In addition to State Farm App. ¶5, see the recent Seventh Circuit opinion in Campania Mgmt. Co. v. Rooks, Pitts & Poust, Nos. 01-1651 and 01-1771, 2002 WL 981966, at *6 (7th Cir. May 14).

Despite the harm to the environment that will be created by killing another tree to produce multiple copies of still another 35-plus page pleading, GSK's counsel must clean up their act by providing an appropriate Amended Answer and ADs in lieu of the current submission. Because that new pleading should be self-contained as a matter of convenience, the existing pleading is stricken in its entirety, with leave granted to file the corrective document on or before June 18, 2002. No charge is to be made to GSK by its counsel for the added work and expense incurred in correcting counsel's own errors. GSK's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 4, 2002